## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WEST CORPORATION, A Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:05CV88 |
| vs. | ) ) | PROTECTIVE ORDER |
| | ) | GOVERNING THE PRODUCTION AND |
| AMERICAN TELEPHONE AND | ) | EXCHANGE OF CONFIDENTIAL |
| TELEGRAPH COMPANY, A New | ) | INFORMATION |
| York Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the defendant's Motion for Entry of Protective Order (#43).  The motion was filed pursuant to Order No. 33, which directed the parties to submit a stipulated protective order by December 30, 2005.  The parties could not reach an agreement.  Noting plaintiff's objections (#45), I find that a protective order should be entered in substantially the format proposed by the defendant.  The order proposed by the defendant has been revised to omit references to trial materials and to incorporate the court's procedure for obtaining permission to file documents under seal.

**IT IS ORDERED** that the Motion for Entry of Protective order (#43) is granted.  The following procedures shall govern the production and exchange of all documents, testimony, interrogatory answers and other information produced, given, or exchanged by and among all parties in the course of this action.

## 1.  INTRODUCTION

**1.1   Applicability.**  The confidentiality provisions of this order shall apply to all depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information that a disclosing party may designate as protected in connection

with this action.  **This order shall not apply to trial testimony, matters in evidence, or trial exhibits unless so determined by the trial judge.**

**1.2   Third parties.**   To the extent third parties agree to be bound, the terms "disclosing party" and "producing party" encompass not only the parties to this action but third parties who may disclose or produce information, e.g., in response to a subpoena.  If third parties do not agree to be bound by this order, discovery shall not be sought by any party from that third party until **ten (10) business days** after notice of such refusal to be bound has lapsed so that the non-requesting party may seek an order of the court to protect information sought from the third party.

## 2.  DEFINITIONS

**2.1   "Confidential" Information** means information that is designated as such by a producing party (a) which is not generally known to the public; and (b) which does not satisfy the definition of Restricted Confidential Information.

**2.2   "Restricted Confidential Information"** means information that is designated as such by the producing party and that the producing party in good faith believes in some material part, alone or in combination with other information:

(a)   derives independent economic value, actual or potential, from not being generally known to the public, or to other persons who can obtain economic value from its disclosure or use;

(b)   is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

(c)   the disclosure of which information is likely to have the effect of harming the producing party if seen by the party to whom disclosure is made.

**2.3   "Other Law Firm Attorneys"** means attorneys who are members or employees of the law firms of the attorneys of record for any party but who are not themselves of record.

**2.4   "Law Firm Personnel"** means (i) regular full- or part-time employees of the law firms of the attorneys of record for any party; and (ii) nonemployee clerical personnel engaged by such law firms on a contract basis (e.g., data entry clerks) who have signed a document in substantially the form of **Exhibit A** attached hereto; to whom it is necessary that the protected information in question be disclosed for purposes of any dispute between parties to this lawsuit.

**2.5   "Outside Consultants/Experts"** means persons who are not employed by the receiving party and are retained by a party or its attorneys of record in this litigation, for the purposes of assisting in preparation of this litigation for trial, such as accountants, statisticians, economists, technical consultants or other technical experts, who have signed a document in substantially the form of Exhibit A attached hereto.

**2.6   "Qualified Persons"** means (a) this Court and court reporters and other personnel involved in the adjudicative process; (b) counsel for West Corporation and counsel for AT&T Corp. and Other Law Firm Attorneys, Law Firm Personnel, and Outside Consultants/Experts; and (c) support personnel (including photocopy operators and any independent contractors hired by any Counsel to make photocopies of documents containing Confidential and/or Restricted Confidential Information) of Counsel and (d) any other person (i) who is so designated by agreement of the producing party, and (ii) who has signed a document in substantially the form of **Exhibit A** attached hereto.

## 3. DESIGNATION AND IDENTIFICATION OF INFORMATION

**3.1   Labeling of documents.**   Information being designated as Confidential or Restricted Confidential that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its designation.

**3.2   Designation of other disclosures.** Information being designated as Confidential Information or Restricted Confidential Information that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the disclosing party in a writing provided to the receiving party at the time of production.

**3.3   Designation not determinative.** Designation of documents or other specified information as Confidential or Restricted Confidential by counsel, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents are entitled to be deemed as such.

**3.4   Challenges to confidentiality designations.** A party shall not be obligated to challenge the propriety of a designation of information as Confidential or Restricted Confidential at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to the action disagrees with such a designation, that party shall provide to the producing party written notice of, and the basis for, its disagreement. The parties shall first try to resolve such dispute in good faith on an informal basis. (The parties are strongly encouraged to agree on, e.g., "declassification" or "downgrading" of redacted copies of particular documents or to agree that certain specified persons may be given access to particular protected information.) If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the court. Until the dispute is resolved by the court, the information shall remain protected pursuant to this Order.

**3.5   Designation of deposition testimony.** The following procedures shall be followed if Confidential Information or Restricted Confidential Information of a producing party is discussed or disclosed in a deposition:

(a)   The producing party shall have the right to exclude from attendance at the deposition, during such time as the Restricted Confidential Information is to be discussed or disclosed, any person other than the deponent and Qualified Persons.

(b)   The information shall be designated as Confidential Information or Restricted Confidential Information only at the request of counsel for the producing party.

(c)   If a request under subparagraph (b) is made on the record at any time during the deposition, counsel shall instruct the reporter to indicate on the cover page of the transcript that the transcript contains Confidential Information or Restricted Confidential Information.  Upon such request, the reporter shall also list the pages and line numbers of the transcript on which the Restricted Confidential Information is contained.

(d)   Alternatively, a request under subparagraph (b) may be made in writing within thirty (30) days after the requesting counsel receives a copy of the transcript of the deposition.  The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Restricted Confidential Information. The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the following legend:

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**
**West Corporation v. American Telephone and Telegraph Company,**
**Case No. 8:05CV88**

**CONFIDENTIAL INFORMATION:**  THE INFORMATION CONTAINED IN THIS TRANSCRIPT CONSTITUTES CONFIDENTIAL INFORMATION OR RESTRICTED CONFIDENTIAL INFORMATION. THESE CONTENTS SHALL NOT BE REVEALED, EXCEPT AS EXPRESSLY AUTHORIZED BY ORDER OF THE COURT.

The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.  No disclosure shall be made until thirty (30) days after requesting counsel's receipt of the transcript as set forth above.

**3.6   Filing under seal.**   The matter of filing documents, materials, or other things under seal shall be governed by **NECivR 7.5**, which provides:

**7.5   Sealed Pleadings, Documents, and Objects.**

**(a)   In General**. No pleading, document, or object shall be sealed except by an order of the court which specifically addresses the particular pleading,  document, or object to be sealed unless the pleading, document, or object is (1) already subject to an existing protective order, or (2) included within a category of pleadings, documents, or objects deemed sealed pursuant to a federal statute, Federal Rule of Civil Procedure, local rule, or standing order of this court.

**(b)   Motion to Seal**. A motion for an order sealing an object or a specific pleading or document may be made on any grounds permitted by law and shall (1) explain why sealing all or a portion of the pleading, document, or object is required, and (2) state whether redaction may serve to eliminate or reduce the need for sealing.

**(c)   Accompanying Documents**.  A motion to seal must be accompanied by (1) a proposed order granting the motion, and (2) the pleading, document, or object to be sealed. The pleading, document, or object shall be filed provisionally under seal, and will remain provisionally sealed until the court rules on the motion.

**(d)   Form of Sealed Filing**.  Any pleading, document, or object filed under seal or provisional seal shall be submitted in an unsealed envelope, bearing the caption of the case, the case number, and the caption of the document or object to be sealed.  The clerk shall file stamp and docket the motion to seal. The pleading, document or object to be sealed shall be file stamped and docketed with no identifying information. If ordered by the court, the clerk shall file the document or object under seal.

**(e)   Motion to Unseal**. A motion to unseal or view a pleading, document, or object may be made on any grounds permitted by law and shall be accompanied by a proposed order granting the motion.

**3.7   Inadvertent Production**

(a)   If a document is produced inadvertently that is considered by the producing party to be privileged in whole or in part, such document may be retrieved by the producing party by giving written notice to all parties (which notice shall state the

nature of the privilege at issue) that the producing party claims the document, in whole or in part, to be privileged. Upon receipt of such notice, all parties that have received a copy of such a document shall promptly return it to the producing party and destroy any other copies thereof.

(b)   Should the parties or other persons be unable to agree because of a good faith argument about the applicability of any privilege or protection, the party or witness asserting the privilege or protection shall have the burden of establishing it if such dispute is submitted to the Court for resolution.

## 4.  ACCESS TO INFORMATION

**4.1**   All documents produced in discovery shall be used by the parties for purposes of this litigation only and for no other purpose.

**4.2**   Access to Confidential Information disclosed to a receiving party shall be limited to the parties and their respective employees and to Qualified Persons.

**4.3**   Access to Restricted Confidential Information disclosed to a receiving party shall be limited to Qualified Persons unless the producing party agrees otherwise in writing.

**4.4**   The following procedure shall be followed for any disclosure of Confidential or Restricted Confidential Information except as permitted by Paragraphs 4.2 and 4.3:

(a)   Counsel for the receiving party shall:

(i)   notify counsel to the producing party in writing of its intention to make such disclosure at least **twenty (20) calendar days** before the intended disclosure;

(ii)   specify the identity and the current employment of the individual(s) to whom the proposed disclosure will be made,

-7-

(iii) identify the particular information proposed to be disclosed, and

(iv) specify the reasons why the proposed disclosure is believed to be necessary.

(b)   If the producing party makes a written objection within the 20-day period and the objection is not resolved between counsel within **ten (10) business days** thereafter, the party seeking disclosure shall not disclose the information but shall have the right to bring the dispute before the court for its resolution.

**4.5   Disclosure in certain circumstances.**  Nothing in this order shall preclude any party to the lawsuit or their attorneys from showing a document designated as Confidential or Restricted Confidential to an individual who prepared the document prior to the filing of this action, or is shown by the document to have received the document.

## 5.  OTHER PROVISIONS

**5.1   Use of information in court proceedings.**

(a)   All parties shall comply with the requirements of NECivR 5.3[1], which governs the mandatory and discretionary redaction of all documents filed in this court.

(b)   Any receiving party that knows that it intends to present Confidential or Restricted Confidential information of another party in oral form at trial, or during any pre- or post-trial hearing, shall first notify the court and the producing party a reasonable amount of time in advance. Because of the policy favoring public attendance at judicial proceedings, the parties are strongly encouraged to agree on procedures that will minimize the presentation of protected information in open court.

---

[1]NECivR 5.3 was adopted to ensure compliance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899 (codified at 5 U.S.C. §§ 3701-3707 and scattered sections).

**5.2   Disposition of documents, etc., after final termination.**

(a)   Pursuant to NECivR 7.5(f), counsel shall have ninety (90) days from the date a case is closed or dismissed, following any time for appellate review, to file a motion to maintain the seal of any sealed pleading, document, or object or to return any sealed document or object.   Sealed pleadings, documents, or objects that are not requested to remain sealed or sealed documents or objects that are not requested to be returned to counsel shall be automatically unsealed without notice to counsel.

(b)   Notwithstanding subparagraph (a), the attorneys of record for a party may retain indefinitely, in "secure storage" (defined below), a reasonable number of archival copies of confidential or restricted confidential information. Such Confidential or Restricted Confidential Information may not be used or disclosed except (i) as permitted by this order, (ii) by agreement of the producing party in question, or (iii) by further order of this court. The archival copies may be in hard-copy, electronic, magnetic, optical-disk, or other form, or any combination thereof.

By way of example and not of limitation, outside counsel may maintain, e.g., a set of production documents; a set of pleadings, briefs, and similar court papers; a set of trial exhibits; a copy of the record on appeal; a reasonable number of backup tapes containing Confidential or Restricted Confidential Information in electronic form that had been maintained on law firm computer networks (i.e., counsel need not specifically purge their firms' routine backup tapes of Confidential or Restricted Confidential Information as long as the backup tapes are kept in secure storage); and the like.

(c)   for purposes of subparagraph (b), "secure storage" for archival copies of Confidential or Restricted Confidential Information does not include storage that is routinely physically accessible from a local-area network, wide-area network, or the Internet.

**5.3   No waiver of right or obligation to object to production.**   Nothing contained in this order shall be construed as a waiver by any party of its right to object to the subject

matter of any request for production of documents in this action, nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests. The entry of this order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

**5.4   Third parties.**  If a party to this action seeks discovery from a nonparty, the nonparty may invoke the terms of this order in writing to all parties to the action with respect to any Confidential or Restricted Confidential Information to be provided to the requesting party by the nonparty.

**5.5   Continuing jurisdiction.**  This order shall survive the final conclusion of the action, and this court retains jurisdiction of the parties hereto, and of any person who executes a copy of **Exhibit A**, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this order.

**5.6   Requests for additional protection.**  This order is entered without prejudice to the right of the parties to request additional protection under the Federal Rules of Civil Procedure for discovery requests made hereafter by any party.

**5.7**  Nothing in this Order shall be construed in any way to control the use, dissemination, publication or disposition by any party of documents obtained at any time by that party outside the discovery process in this action.

**DATED January 9, 2006.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-10-

## EXHIBIT A

## UNDERTAKING

I hereby certify my understanding that confidential discovery materials are being provided to me pursuant to the terms and restrictions of the Protective Order Governing the Production and Exchange of Confidential Information.  I further certify that I have been provided a copy and have read the Order; that I agree to abide by the terms of the Order; and that I hereby agree to subject myself to the jurisdiction of the Court for the purposes of enforcement of the terms and restrictions of the Order. I understand that violation of the Order is punishable by contempt of court.

**DATED** _____.

_____
**Name**