**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **WEST CORPORATION, A Delaware Corporation,** | ) | **CASE NO. 8:05CV88** |
| | ) | |
| **Plaintiff and** | ) | |
| **Counter Defendant,** | ) | **ORDER DENYING MOTION** |
| | ) | **TO AMEND** |
| **v.** | ) | **PROGRESSION ORDER** |
| | ) | |
| **AT & T CORPORATION, A New York Corporation,** | ) | |
| | ) | |
| **Defendant and** | ) | |
| **Counter Claimant.** | ) | |

This matter is before the Court on a motion filed by the Defendant and Counter Claimant AT&T Corporation ("AT&T").  The motion seeks to amend the progression order to extend the deadline for filing motions for summary judgment by 90 days and, by implication,  to continue the trial date.  (Filing No. 79).   AT&T suggests that there are no genuine issues of material fact remaining as to AT&T's damages, in part because Plaintiff and Counter Defendant West Corporation ("West") has not disclosed an expert witness. AT&T argues that resolution of the case by summary judgment motion would advance the Court's interest of the efficient administration of justice and the conservation of judicial and other resources.  In its Reply Brief, AT&T argues that the issues remaining for trial are not clear, and that it needs more time for discovery and to arrange for the appearance of its witnesses.  West opposes the motion to amend, arguing that genuine issues of material fact exist and that it is entitled to a trial on the remaining issues.

Since March 10, 2006, the parties have known that West's claim for unjust enrichment would be permitted to proceed to trial, and that AT&T's claim for declaratory judgment succeeded to some extent: "AT&T is permitted to assess an AEF under the

Master Agreement and Attachments."  The Court reserved for trial, however, the issue of the amount of damages, if any, that AT&T was entitled to receive from West.  The issue was reserved for trial because the Court found genuine issues of material fact regarding whether the amount of Administrative Expense Fee ("AEF") that AT&T began charging in April 2003 was unrelated to, or, in excess of, the "mark-up" that AT&T assessed prior to April 2003.  (Filing No. 65, pp. 16-17).  These disputed facts bear directly on West's unjust enrichment claim and AT&T's claim for damages based on West's breach of contract. Since March, the parties have engaged in additional discovery and have made their pre-trial disclosures.  (Filing Nos. 68, 69, 76-78, 80-84) .

The trial is scheduled to commence on January 9, 2007, a fact which has been known to the parties since March 21, 2006.  (Filing No. 67).  I find no persuasive reason to delay its commencement.  AT&T argues that West has not retained an expert witness to testify at the trial, but that fact is not fatal to West's case.  Obviously, West retains the ability to call AT&T employees in its case-in-chief, and to cross-examine AT&T's trial witnesses, lay and expert alike.  AT&T also contends that it will have difficulty arranging for witnesses to testify in Omaha.  (Filing No. 90).  Obviously, there is more than one month available to make such arrangements or to take trial depositions.

The issues relating to AT&T's damages that are to be resolved by a jury after trial are two.  The first issue is whether the *amount* of the fee charged by AT&T to West, which later became known as the AEF,  was affected by the  FCC's December 13, 2002, Order that required separate identification of the AEF charges, and if so, in what manner.  The second issue is whether the administrative costs, which are identified and charged by AT&T as the AEF charges, are *related to* the actual costs incurred by AT&T in the recovery

2

of the Universal Service Funds ("USF") from its customers in general or solely from West. I conclude that there are genuine issues of fact that remain for a jury to decide.[1] Accordingly,

IT IS ORDERED:

1.    Defendant and Counter Claimant AT&T Corporation's Motion to Amend the Progression Order (Filing No. 79) is denied;

2.    Defendant and Counter Claimant AT&T Corporation's Motion to Stay (Filing No. 85) is denied;

3.    The matter shall progress to trial during the week of January 8, 2007, pursuant to the trial preparation order at Filing No. 88; and

4.    The Clerk is directed to change the caption of this case to reflect the proper name of the Defendant and Counter Claimant as AT & T Corporation.

DATED this 7th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] Any issue regarding the general reasonableness or fairness of the amount charged by AT&T is not before this Court.  That issue must be addressed, if at all, to the FCC.

3