IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WEST, Corporation, A Delaware Corporation, | ) ) ) | CASE NO. 8:05CV88 |
| Plaintiff, | ) ) ) | ORDER |
| V. | ) ) | |
| AT&T CORPORATION, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion in Limine. (Filing No. 92). The Plaintiff opposes the motion. Several parts of the motion will be denied without prejudice to reassertion at the time of trial for the reasons that the issues cannot be decided outside the context of the trial and the Court has not had an opportunity to review documents that are at issue.

The Court will grant the motion in part and deny the motion in part as follows:

IT IS ORDERED:

1.  The motion in limine is granted as to the following:

a.  **(No. 1)**[1]  The Court has already ruled that AT&T is authorized under its contracts with West, and through a December 12, 2002, ruling by the Federal Communications Commission, to collect administrative costs related to the collection of Universal Service Fund ("USF") charges and to set forth its Administrative Expense Fee ("AEF") as a separate line item on AT&T's

---

[1] The numbers in parentheses correspond to the numbering employed by Defendant in its motion in limine.

invoices.  West is precluded from offering any evidence at trial contrary to these prior rulings;

b. **(No. 6)** West is prohibited from eliciting any expert witness testimony at trial for the reason that no expert witnesses have been disclosed by West in accordance with Rule 26(a)(2)(A-C) and the progression orders of this Court;

2. The motion is specifically denied as to the following:

a. **(No. 2)** West's ability to offer evidence regarding its understanding of what constitutes a recoverable USF-related cost or expense under West's contract with AT&T;

b. **(No. 7)** West's ability to offer evidence involving mathematical calculations to challenge the expenses used by AT&T to calculate its AEF cost recovery rate;

c. **(No. 8)** West's ability to offer evidence that the gross dollars per cost category used by AT&T to calculate its annual AEF rate, the resulting AEF rate, or the resulting AEF charges to West are "overstated;"

3. The motion is generally denied as to all remaining issues; and

4. The portions of the motion that are denied may be reasserted at the time of trial.

DATED this 27th day of December, 2006.

                                BY THE COURT:

                                s/Laurie Smith Camp
                                United States District Judge