IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WEST Corporation, A Delaware Corporation, | ) ) ) | CASE NO. 8:05CV88 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| AT&T CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

It has been brought to my attention that issues concerning this Court's jurisdiction over the above-captioned case were raised at the pretrial conference held with Magistrate Judge Gossett on December 28, 2006.[1]  This Memorandum and Order is issued *sua sponte* in accordance with the Court's continuing obligation to address any defect in subject matter jurisdiction.  *See, e.g.*, *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 382 (1998) ("No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own.")

This Court has diversity jurisdiction to hear the above-captioned case with regard to the contractual issues raised in the Plaintiff's Complaint (Filing No. 1), and in the Defendant's Answer and Counterclaim (Filing No. 8).[2]  This Court cannot hear issues relating to the fairness or reasonableness of the Administrative Expense Fee ("AEF")

---

[1] A pretrial conference has been rescheduled for January 5, 2007.

[2] Although presented to the Court as an "unjust enrichment" claim, (Filing No. 1, 2), it would seem more appropriate to characterize the Plaintiff's action as a breach of contract claim. However, regardless of how it is phrased, the Court understands the Plaintiff's action to be for a reimbursement of monies collected in a manner that contravened the Master Agreement.

charged, as those matters are within the purview of the Federal Communications Commission ("FCC").

It is the practice of the FCC not to interpret private contracts.  *See Listener's Guild, Inc. v. FCC*, 813 F.2d 465, 469 (D.C. Cir. 1987); *Verizon Communications, Inc., and MCI, Inc., Applications for Approval of Transfer of Control, Memorandum and Order*, FCC 05-185, WC Docket No. 05-75, 2005 WL 3099624 (F.C.C.) (rel. Nov. 17, 2005).  The parties' remedies in this case depend on the interpretation of their contract.  Accordingly, this Court has jurisdiction over such contractual issues.

This Court has previously ruled that the Plaintiff cannot challenge the fairness and reasonableness of the AEF assessed by the Defendant in light of the December 2002 FCC Order, *In re Federal-State Joint Board on Universal Services*, FCC 02-329, 17 F.C.C.R. 24952 (Dec. 13, 2002), because the FCC has primary jurisdiction to hear *that* issue. (Filing No. 65, 13).  The Defendant now questions whether there is a difference between the reasonableness or fairness of the fee assessed, and the reasonableness or fairness of the manner in which that fee was calculated and collected.

If this Court were to disregard the Master Agreement (*i.e.*, if no contract between the Plaintiff and the Defendant existed), this Court likely would be without primary jurisdiction to hear any issues pertaining to the manner in which the Defendant charged, practiced, classified, and regulated its assessment of the Administrative Expense Fee ("AEF").  However, the issue currently before this Court is independent of what the FCC might

determine to be fair and reasonable. The Master Agreement sets forth a distinct standard, a "relatedness" standard, to which the parties are contractually bound.[3]

This Court has previously ruled that the Defendant is permitted, pursuant to the FCC Order and the Master Agreement, to assess an AEF. (Filing No. 65, 12–13). This Court has also ruled that the Plaintiff is in breach of its contract with the Defendant for failing to pay the AEF, but that material issues of fact remain regarding the calculation of damages. (Filing No. 65, 16). In other words, this Court has ruled that the issues remaining for trial are (i) whether the Defendant charged and the Plaintiff paid, in April 2003, an AEF that included amounts *unrelated* to the collection of the Universal Service Fund ("USF"); and (ii) whether the Plaintiff failed to pay, from May 2003 to the present, an AEF *related* to the collection of the USF.[4]

This Court maintains jurisdiction to hear the above-captioned case, with regard to the contractual issues raised by the parties, pursuant to 28 U.S.C. § 1332.

IT IS ORDERED that trial shall commence on January 11, 2007.

DATED this 30th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[3] Whether something is "related" is not dependent on whether it is "fair and reasonable," and visa versa.

[4] Although the evidence may intersect significantly, it appears that the Plaintiff has the burden to show the "unrelatedness" of amounts that it has already paid, and the Defendant has the burden to show the "relatedness" of amounts that it wishes to collect.