# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WEST CORPORATION,** <br> A Delaware Corporation, | ) <br> ) <br> ) | **CASE NO. 8:05CV88** |
| Plaintiff, | ) <br> ) | **MEMORANDUM** <br> **AND ORDER** |
| v. | ) <br> ) | |
| **AT&T CORPORATION,** <br> A New York Corporation, | ) <br> ) <br> ) | |
| Defendant. | ) | |

The matters before the Court are on (1) the Motion for a New Trial or to Amend Findings and Judgment (Filing No. 115), filed by the Plaintiff West Corp. ("West"), and (2) the Motion for Stay Pending Ruling on Motion for New Trial or, in the Alternative, to Amend the Findings and Judgment (Filing No. 118), filed by West. Both motions have been fully briefed and are ripe for disposition.

## Background

West filed the instant action on February 24, 2005, seeking a declaratory judgment from this Court stating that AT&T Corp. ("AT&T") is not authorized under the terms of its contract with West to charge and collect the Administrative Expense Fee ("AEF"); and asserting a claim for unjust enrichment for the amount of AEF it was charged and inadvertently paid. AT&T then filed a counterclaim against West, seeking a judgment for all unpaid AEF. AT&T and West both moved for summary judgment, and on March 10, 2006, this Court granted in part and denied in part AT&T's motion and denied West's motion, keeping alive West's claim for unjust enrichment and AT&T's counterclaim. The merits of the two remaining claims were tried before this Court, without a jury, on January 16 and 17, 2007. After considering the evidence presented at trial and the parties'

proposed findings of fact and conclusions of law, this Court issued its Findings of Fact and Conclusions of Law (Filing No. 113) on February 26, 2007. This Court found for AT&T on both West's claim and AT&T's counterclaim, and, accordingly, entered judgment for AT&T. On March 8, 2007, West filed a motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure or, in the alternative, an order amending, altering, or modifying its findings and conclusions pursuant to Rules 59(e) and 52(b), with respect to the judgment entered on February 26, 2007, and the partial summary judgment order entered on March 10, 2006.

## Standard of Review

### *Motion for New Trial*

The disposition of a motion for a new trial under Rule 59 rests within the discretion of the trial court, and is reviewable only for abuse. *See Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 932 (8th Cir. 2001) ("In reviewing the district court's decision, we give great deference to its judgment, because the district court has the benefit of hearing testimony and observing the demeanor of witnesses throughout the trial.") (citation omitted); *LiButti v. United States*, 178 F.3d 114, 118 (2d Cir. 1999) ("We reverse a trial court's denial of a motion for a new trial only for an abuse of discretion.") (citation omitted). Since this matter was tried before the Court, the current motion for a new trial is governed by Rule 59(a)(2), which provides:

> A new trial may be granted . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional findings, amend findings of fact and

> conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Fed. R. Civ. P. 59(a)(2). The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996). In evaluating a motion for a new trial pursuant to Rule 59(a), the "key question is whether a new trial should have been granted to avoid a miscarriage of justice." *McKnight By & Through Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994); *see also Shaffer v. Wilkes*, 65 F.3d 115, 117 (8th Cir. 1995) (stating that a court may grant a new trial "on the basis that the verdict is against the weight of evidence, if the first trial results in a miscarriage of justice") (citation omitted).

### *Motion to Amend—59(e) and 52(b)*

Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 919 (N.D. Iowa 2003) (citing *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996)). "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

Rule 52(b) states that "[o]n a party's motion . . . the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "Rule 52(b) is 'intended to permit a party to move the trial court to clarify or supplement fact findings to enable the appellate court to understand the factual issues determined at trial.'" *Pro Edge L.P. v. Gue*, 377 F. Supp. 2d 694, 698 (N.D. Iowa 2005) (quoting *Clark v. Nix*, 578 F. Supp. 1515, 1516 (D. Iowa 1984)).

## Discussion

To summarize, West seeks a new trial or an order from this Court amending its previous findings and judgment, asserting in its brief in support (Filing No. 116) that:

1. This Court erred in entering judgment for AT&T because the AEF assessed by AT&T beginning in April of 2003 was an entirely new charge, which AT&T was not allowed to charge under the terms of the Master Service Agreement ("Agreement");

2. This Court erred in entering judgment for AT&T because even if AT&T were allowed to charge an AEF under the terms of the Agreement, it was AT&T's burden at trial to prove the fairness and reasonableness of the AEF. Issues of fairness and reasonableness do not fall under the primary jurisdiction of the Federal Communication Commission and are not the subject of a claim under 47 U.S.C. § 201;

3. This Court erred in entering judgment for AT&T because AT&T failed to meet its burden of proving that the AEF it charged West was related to the Universal Service Fund ("USF"), and there was insufficient evidence to support a finding that AT&T's AEF is a USF related charge;

4. This Court erred in permitting AT&T to offer the expert opinion testimony of Craig Casey because whether or not AT&T's AEF was related to USF was not the proper subject of expert testimony, and it was AT&T's burden of proving the relatedness of the AEF to the USF, which AT&T failed to do; and

5. This Court erred in entering judgment for AT&T because AT&T was not entitled to recover all "USF related charges," but, rather, was limited to

recovering only those administrative charges it can prove are related to the "collection" of USF in general and/or related to the collection of USF from West in particular, which it failed to do.

I have carefully considered the arguments and the evidence put forward by both parties, and I conclude that the assignments of error in West's motion and briefs do not support the grant of a new trial.  Further, I find no basis for concluding that the Findings of Fact and Conclusions of Law are insufficient or should be amended or supplemented.  Similarly, I find that the final judgment should not be altered or amended.  Finally, pursuant to my discretion allowed under Rule 62(b) of the Federal Rules of Civil Procedure, I will deny West's motion to stay the judgment.

IT IS ORDERED:

1. The Plaintiff's Motion for a New Trial or to Amend Findings and Judgment (Filing No. 115) is denied; and

2. The Plaintiff's Motion for Stay Pending Ruling on Motion for New Trial or, in the Alternative, to Amend the Findings and Judgment (Filing No. 118), is denied.

DATED this 29th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge