## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WEST Corporation, a Delaware Corporation, | ) ) ) | CASE NO. 8:05CV88 |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| AT&T CORPORATION, a New York Corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

The matters before the Court are (1) the Defendant's Motion to Review and Modify Taxation of Costs (Filing No. 138); and (2) the Plaintiff's Motion to Review and Modify Taxation of Costs (Filing No. 142).

After Judgment (Filing No. 114) was entered in the Defendant's favor, it submitted a Bill of Costs (Filing No. 124), which included a request for, among other costs, the travel expenses of its expert witness Craig Casey.  As evidence for the costs of Casey's travel, the Defendant included an affidavit signed by counsel stating that the amount indicated, $1,224.30, was correct, and a "letter" from Casey stating that $1,224.30 was an accurate calculation of his travel expenses.  The Clerk of the Court denied Casey's travel expenses, stating that there was no receipt or proof of actual expense, but did tax some costs to the Plaintiff, including the costs associated with the appearance and subsistence of Kristina Rodriguez.  (Filing No. 137).  The Defendant and the Plaintiff have filed their respective motions to modify pursuant to the Bill of Costs Handbook (I), which states that "[a]fter the taxation clerk has taxed costs, counsel for either side may, within five (5) business days, file a motion asking the court to review the action of the taxation clerk."

In its motion, the Defendant argues that the affidavit and the letter constituted "other evidence of actual cost" as allowed by the Bill of Costs Handbook (II)(C)(1)(c).[1]  To support its motion, the Defendant included an index of evidence with a receipt demonstrating that Casey's travel expenses totaled $1,224.30.  The Plaintiff has filed an objection to the Defendant's motion, and argues that (1) Casey was an expert witness, and expert witness travel expenses are not taxable under the Bill of Costs Handbook (II)(C)(2)(b); and (2) even if taxable, $1,224.30 was not the most economical rate reasonably available as required by the Bill of Costs Handbook (II)(C)(1)(c).

While not explicitly defined, "other evidence" certainly includes invoices.  The Defendant characterizes Casey's correspondence as a "letter"; however, the correspondence includes the details of a sale or purchase transaction.  In other words, it constitutes an invoice, *see Blacks Law Dictionary* 827 (6th ed. 1990), and falls within the definition of "other evidence."  Further, the Bill of Costs Handbook (II)(C)(2)(b) states that "[c]ompensation paid to an expert witness in excess of the statutory fees, without prior order of the court, is not taxable."  However, that section does not restrict the ability to recover *travel* expenses, and I find such expenses are recoverable.  Finally, I find that the amount paid for Casey's travel expenses satisfies the Bill of Costs Handbook (II)(C)(1)(c) requirement that the witness utilize the most economical rate reasonably available.  Accordingly, I will grant the Defendant's motion to modify the Taxation of Costs.

---

[1]I note that, separate from section (II)(C)(1)(c), the Bill of Costs Handbook generally states that a Bill of Costs requires "copies of receipts, invoices, orders, stipulations, or other documentation to support the bill of costs. The taxation clerk will deny costs lacking supporting documentation."  Bill of Costs Handbook (II).

The Plaintiff, in its motion to modify the taxation of costs award, argues that the Clerk erred in assessing the costs of Rodriguez's subsistence and appearance at trial. The Bill of Costs Handbook (II)(C)(2)(a) states that "[r]eal parties in interest or parties suing in a representative capacity are not entitled to fees or allowances as witnesses." The Plaintiff argues, without support, that because Rodriguez is an employee of the Defendant and the person responsible for calculating the Administrative Expense Fee rate assessed by the Defendant, she is a real party in interest or a party suing in a representative capacity.

Although the Plaintiff states that the Defendant cannot recover for Rodriguez's costs, it has been found by other districts that "[w]itnesses who are corporate officers or employees are not necessarily real parties in interest and their costs may be awarded if 'their interest in the litigation is no more than a natural concern for the welfare of the corporation as opposed to actual participation in the litigation to the extent that they become identifiable as a party in interest.'" *Schmitz–Werke GMBH + Co. v. Rockland Indus., Inc.*, 271 F. Supp. 2d 734, 736 (D. Md. 2003) (citing *Elec. Specialty Co. v. Int'l Controls*, 47 F.R.D. 158, 162 (S.D.N.Y. 1969)); *see also Canal Barge Co. v. Commonwealth Edison Co.*, 2003 WL 1908032, at *5 (N.D. Ill. April 18, 2003) ("[The defendant] argues that Barbish's travel expenses are not recoverable because parties to a case may not collect witness fees for travel and subsistence expenses. Barbish was not a named plaintiff nor defendant in this case. He appeared at trial not only as [the plainitff's] corporate representative but also as a testifying witness. [The defendant] fails to cite any authority holding that corporate representatives, as opposed to parties and real parties in interest, may not recover travel expenses. [The defendant's] objection is overruled."); *Dorothy K. Winston & Co. v. Town Heights Dev., Inc.*, 68 F.R.D. 431, 433–34 (D.D.C. 1975) ("Fees may be taxed in favor of a corporation which prevails for the appearance of

3

its corporate officers and directors.") (citations omitted); *Cincinnati Ins. Co. v. Dynamic Dev. Group, LLC*, 336 F. Supp. 2d 552, 575 (M.D.N.C. 2004) (noting that, under the Middle District of North Carolina's local rules, "[w]itness fees, subsistence, and mileage for individual parties, real parties in interest, parties suing in representative capacities, *and the officers and directors of corporate parties*" are separately indicated) (emphasis added). Further, it has been found by district courts in the Eighth Circuit that costs of employee–witnesses are recoverable. *See, e.g.*, *Am. Steel Works v. Hurley Const. Co.*, 46 F.R.D. 465 (D. Minn. 1969).

I find that Rodriguez, an employee of the Defendant, testified as a fact witness for the Defendant, and that her interest in the litigation was no more than a natural concern for the welfare of the Defendant. Accordingly, I will deny the Plaintiff's motion to amend the Taxation of Costs as it currently relates to Rodriguez.

IT IS ORDERED:

1.  The Defendant's Motion to Review and Modify Taxation of Costs (Filing No. 138) is granted;

2.  The Plaintiff's Objection to the Motion (Filing No. 141) is overruled;

3.  The Plaintiff's Motion to Review and Modify Taxation of Costs (Filing No. 142) is denied; and

4.  The Taxation of Costs (Filing No. 137) is modified to include the travel expenses of Craig Casey, and that costs are taxed against the Plaintiff and Counter-defendant, West Corporation, in the amount of $2,772.33, and included in the judgment.

DATED this 27th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge